UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LESHIVIAS MONTA ALLEN, a/k/a
Kevin Johnson, a/k/a Scoop,
            *Defendant-Appellant.*

No. 00-4370

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-99-228)

Submitted: October 26, 2000

Decided: November 21, 2000

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Leshivias Monta Allen pled guilty to an information charging that he distributed cocaine base (crack) on November 2, 1999, in violation of 21 U.S.C.A. § 841(a) (West 1999). He was sentenced to a term of 100 months imprisonment and three years supervised release under § 841(b)(1)(C). Allen's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues: the district court's enhancement of his offense level for possession of a firearm during the offense, *see U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998), and the court's failure to provide a statement of its reasons for the enhancement. Allen has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm.

For several weeks in the fall of 1999, Allen resided with a number of people in an apartment in Huntington, West Virginia, where crack was being sold. Allen participated in one sale of crack to a confidential informant, and the government obtained evidence that he sold crack on other occasions as well. One witness reported that Allen possessed a firearm during some of the drug transactions. When a search warrant was executed at the apartment, shotgun shells were recovered, but no gun was found. Allen told investigators that two of the occupants of the apartment bought a "long gun" after they were attacked at a local club.

Allen filed no objections to the probation officer's calculation of his offense level in the presentence report, and the district court adopted the presentence report without discussion. In the *Anders* brief, Allen's attorney suggests that the district court plainly erred in making the two-level enhancement for possession of a firearm during the offense because the government did not show that it was not clearly improbable that the firearm was connected to the offense. *See* USSG § 2D1.1, comment. (n.3). Because the firearm was present in

the place where the crack was sold, and no question was raised at sentencing as to whether it was clearly improbable that the firearm was connected to the offense, the district court did not plainly err in making the enhancement. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993) (to obtain reversal, defendant must show error that was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings). Moreover, the district court may adopt the recommended findings in the presentence report without specific explanation if the defendant has not questioned them. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny Allen's motion for new appointed counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*